# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA, et al., | |
| Plaintiffs, | Case No. 2:12-cv-01378-LRH-PAL |
| vs. | **ORDER** |
| PERFORMANCE TRADESHOW GROUP, INC., | (Mot for Judgment Debtor Exam - Dkt. #10) |
| Defendant. | |

Before the court is Plaintiffs' Motion for Judgement Debtor Examination of Performance Tradeshow Group, Inc., (Dkt. #10).

On November 9, 2012, the district judge entered a default judgment in favor of Plaintiffs against Defendant Performance Tradeshow Group, Inc. ("Performance Tradeshow"), in the amount of $352,455.00, representing delinquent contributions, liquidated damages, interest, and attorney's fees and costs. Plaintiffs now seek a judgment debtor examination of the "person most knowledgeable" for Performance Tradeshow regarding the amount, value and location of the property and assets of Performance Tradeshow. The motion attaches a proposed order which would require the "person most knowledgeable of Performance Tradeshow" to appear at opposing counsel's law offices "for a judgment debtor examination regarding Performance Tradeshow's property and assets." The proposed order also requests that the court order Performance Tradeshow to produce documents relevant to Performance Tradeshow's property and assets one week prior to the examination.

The Federal Rules of Civil Procedure do not authorize a "person most knowledgeable" deposition, although this is a term commonly used in the profession for a Rule 30(b)(6) deposition on oral examination. Rule 30(b)(6) allows a specialized form of deposition. *Sprint Communications Co., Inc. LP v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006). Rule 30(b)(6) imposes burdens on both the discovering party and the designating party. The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). The responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *Marker v. Union Fidelity Life Insurance Co.,* 125 F.R.D. 121, 126 (M.D.N.C. 1989). The rule "gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporations' behalf." *United States v. Taylor*, 166 F.R.C. 356, 360 (M.D.N.C. 1996). The testimony of a Rule 30(b)(6) designees "represents the knowledge of the corporation, not the individual deponents." *Id*. at 361; *Hyde v. Stanley Tools*, 107 F.Supp.2d. 992 (E.D. La. 2000); *Sprint*, 236 F.R.D. at 527. A Rule 30(b)(6) designee presents the corporation's position on noticed topics. *United States v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995). A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide "binding answers on behalf of the corporation." *Starlight Int.l, Inc. v. Herlihy*, 186 F.R.D. 627, 638 (D. Kan. 1999).

The proposed order attached to the motion does not comply with Rule 30(b)(6) in that it would require a "person most knowledgeable" to appear at a deposition. Rule 30(b)(6) allows the corporation to designate one or more officers, directors or managing agents or other person who consent to testify on its behalf. The person(s) designated must testify about information known or reasonably available to the organization. Rule 30(b)(6) does not require the corporation or organization to produce a person with personal knowledge. The court will therefore grant Plaintiffs' motion to the extent they may serve a Rule 30(b)(6) deposition notice on Performance Tradeshow for a judgement debtor examination, and to require the production of documents one week prior to the examination to facilitate the examination.

**IT IS ORDERED** that:

1. Plaintiffs' Motion for Judgment Debtor Examination of Performance Tradeshow is **GRANTED** to the extent Plaintiffs may serve Performance Tradeshow with a deposition

notice for a Rule 30(b)(6) deposition of the judgment debtor.

2. The deposition notice must comply with the requirement of Rule 30(b)(6) by describing with reasonable particularity the matters for examination.

3. Performance Tradeshow shall designate one or more officers, directors, or managing agents or other person(s) who consent to testify on its behalf on the matters set forth in the deposition notice.

4. The person(s) designated must testify about information known or reasonably available to Performance Tradeshow.

5. Performance Tradeshow shall produce to the Trust Funds' counsel at 100 North City Pkwy., Ste. 1600, Las Vegas, NV 89106, one week prior to the examination, the following documents:

   a. Documents evidencing the current ownership of Performance Tradeshow's stock, including the name and address of such owners;

   b. Documents regarding real property currently owned by Performance Tradeshow, including documents establishing the location, value, mortgage, mortgage payments, liens, or other encumbrances regarding such real property;

   c. A complete current inventory list of assets owned by Performance Tradeshow, including office equipment, vehicles, and accounts receivable;

   d. The last twelve (12) statements for each of Performance Tradeshow's bank accounts in existence during such twelve (12) months, without regard to whether such account remains open;

   e. Documents regarding real property disposed of by Performance Tradeshow in the last five years;

   f. Copies of all existing contracts under which Performance Tradeshow is currently performing work, has completed work but is owed payment of any amount, or will begin work in the future; and

   g. Documents evidencing for whom Performance Tradeshow has performed work in the past two years, including records showing the number of hours worked by

Performance Tradeshow's employees in the past two years, and on what projects all such work was performed.

Dated this 14th day of December, 2012.

_____
Peggy A. Leen
United States Magistrate Judge